## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| In re: | Case No.: 11-41183 |
| **Cedric N Mims** <br> **Christine N Mims** | **Chapter 7** |
| **Debtor(s).** | **Judge Kay Woods** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION OF THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. AS SUCCESSOR TO JPMORGAN CHASE BANK N.A. AS TRUSTEE FOR ABANDONMENT OF REAL PROPERTY (FIRST MORTGAGE)**

**2233 Ohio Avenue, Youngstown, OH 44504**

The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee (the "Movant") moves this Court, under § 554 and other sections of the Bankruptcy Reform Act of 1978, as amended (the "Bankruptcy Code") and under Rule 6007 and other rules of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for abandonment of property under § 554 of the Bankruptcy Code. In support of this Motion, the Movant states:

### MEMORANDUM IN SUPPORT

1. The Court has jurisdiction over this matter under 28 U.S.C §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

2. On March 30, 2004, Cedric N Mims and Christine N Mims (collectively "Debtor") obtained a loan from Unlimited Loan Resources, an Ohio Corporation in the amount of

Ref# 11-008463-090811-ANV

$54,150.00. Such loan was evidenced by a Promissory Note dated March 30, 2004 (the "Note"), a copy of which is attached as Exhibit A.

3.    To secure payment of the Note and performance of the other terms contained in it, the Debtor executed a Security Agreement in favor of Unlimited Loan Resources, an Ohio Corporation dated March 30, 2004 (the "Security Agreement"). The Security Agreement granted a lien on the real property located at 2233 Ohio Avenue, Youngstown, OH 44504 owned by the Debtor (the "Collateral"). The Collateral is more fully described in the Security Agreement (check one):

☒    attached as Exhibit B;

**OR**

☐    contained in the Note, attached as Exhibit A.

4.    The lien created by the Security Agreement was duly perfected by:

☒    Filing of the Security Agreement in the office of the Mahoning County Recorder on April 5, 2004.

☐    Filing of the UCC-1 Financing Statement in the office of _____ _____on <DATE>.

☐    Notation of the lien on the Certificate of Title.

☐    Other (state with particularity) _____

A copy of the recorded Security Agreement, UCC-1 Financing Statement, Certificate of Title or other document, as applicable, is attached as Exhibit B.  Based on Debtor's Schedule D, the lien is the first lien on the Collateral.

5.    The entity in possession of the original Note as of the date of this motion, is **Movant**.

6.    The entity servicing the loan is GMAC Mortgage LLC.

7.    The Note was transferred, as evidenced by the following:

a. If the Collateral is real estate:

    i. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the original lender (check only one):

☒ N/A.

OR

☐ By endorsement on the Note, payable to
_____.

OR

☐ By blank endorsement on the Note**.**

OR

☐ By allonge attached to the Note, payable to
_____.

OR

☐ By blank allonge, attached to the Note**.**

OR

☐ The Note is not endorsed to the Movant, or is not endorsed in blank with an allegation that the Movant is in possession of the original Note. The factual and legal basis upon which the Movant is entitled to bring this motion is (explain with particularity and attach supporting documentation):
_____.

OR

☐ By endorsement on the Note or by allonge attached to the Note, through a power of attorney. If this box is checked, a copy of the power of attorney is attached as Exhibit <__>. Explain why it provides **Movant** the authority to endorse the Note:
_____

Ref# 11-008463-090811-ANV

ii. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located from the:

**(1) Unlimited Loan Resources, an Ohio Corporation to Capitol Mortgage Services, Inc, an Ohio Corporation as evidenced by the allonge firmly attached to the original Note, a copy of which is attached to this Motion as Exhibit A.**

**(2) Capitol Mortgage Services, Inc to Paragon Home Lending, LLC as evidenced by the allonge firmly attached to the original Note, a copy of which is attached to this Motion as Exhibit A.**

**(3) Paragon Home Lending, LLC to _____ as evidenced by the allonge firmly attached to the original Note, a copy of which is attached to this Motion as Exhibit A. Because the allonge is in blank and Movant is in possession of the original Note, Movant is entitled to enforce the instrument.**

iii. A court has already determined that **Movant** has the ability to enforce the Note with a judgment dated <INSERT DATE OF JUDGMENT> in the <INSERT NAME OF COURT>. A copy of the judgment is attached as Exhibit <\_\_>.

iv. Other: _____ [explain].

b. If the Collateral is not real estate (check one):

☒ N/A.

OR

☐ From the original lender to <FIRST TRANSFEREE> by <STATE METHOD OR DOCUMENT EFFECTING TRANSFER>.[ADD ADDITIONAL TRANSFER SECTIONS AS APPROPRIATE. THE LAST TRANSFEREE MUST BE THE MOVANT.]

8. The Security Agreement was transferred as follows (check one):

☐ N/A.

OR

☒ From Mortgage Electronic Registration Systems, Inc., acting solely as nominee for Unlimited Loan Resources on August 15, 2011 to The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank

N.A. as Trustee. The transfer is evidenced by the document attached to this Motion as Exhibit C.

9. The value of the Collateral is $32,000.00. This valuation is based on the Auditor's tax record.

10. As of the date of this motion, there is currently due and owing on the Note the outstanding principal balance of $50,869.08, plus interest accruing thereon at the rate of 8.125% per annum ($11.32 per day) from January 1, 2011, as described in more detail on the worksheet. The total provided in this paragraph cannot be relied upon as a payoff quotation.

11. The amount due and owing on the Note as set forth in paragraph 10 does not include a credit for the sum held in a suspense account by the **Movant**. The amount of the credit is $0.00.

12. Other parties **believed** to have an interest in the Collateral besides the debtor(s), the **Movant**, and the trustee are (check all that apply):

      ☐ N/A.

      ☒ The Mahoning County Treasurer, for real estate taxes, **in an unknown amount.**

      ☐ <CO-OWNERS, IF APPLICABLE, STATE NAME>.

      ☐ <ANY OTHER PARTY HOLDING A LIEN, IF APPLICABLE, IN THE AMOUNT OF $_____ [ADD ADDITIONAL PARTIES AS APPROPRIATE>.

13. The **Movant** is entitled to relief from the automatic stay under Bankruptcy Code § 362(d) for these reason(s) (check all that apply):

      ☐ Debtor has failed to provide adequate protection for the lien held by the Movant for these reasons: _<EXPLAIN>_____.

      ☐ Debtor has failed to keep the Collateral insured as required by the Security

Agreement.

☐     Debtor has failed to keep current the real estate taxes owed on the Collateral.

☒     **Debtor has failed to make periodic payments to Movant for the months of January 2011 through September 2011, which unpaid payments are in the aggregate amount of $3,647.43. The total provided in this paragraph cannot be relied upon as a reinstatement quotation.**

☒     **Debtor has no equity in the Collateral, because the Collateral is valued at $32,000.00, and including the Movant's lien, there are liens in an aggregate amount of $50,869.08 on the Collateral.**

☒     Other cause (set forth with specificity): **Movant was granted relief from the automatic stay under 11 U.S.C. § 362(d)(1) and/or 362(d)(2) for these reasons: Discharge entered on August 24, 2011**.

14.     **Movant** has completed the worksheet attached as Exhibit D.

15.     **Movant** is entitled to an order directing the trustee to abandon the Collateral under 11

U.S.C. § 554(b) for these reasons (check all that apply):

☐     The Collateral is burdensome to the estate because

_____.

☒     The Collateral is of inconsequential value and benefit to the estate because upon liquidation of the Collateral no proceeds will remain for the benefit of the estate.

WHEREFORE, **Movant** prays for an order from the Court:

(a)     AUTHORIZING AND DIRECTING THE CHAPTER 7 TRUSTEE TO ABANDON THE COLLATERAL UNDER BANKRUPTCY CODE § 554.

Respectfully submitted,

 /s/ Mary E. Krasovic
Mary E. Krasovic (0085380)
Holly N. Wolf (0068847)
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus OH  43216-5028

Ref# 11-008463-090811-ANV

Telephone: 614-220-5611
Fax: 614-627-8181
Email: mek@mdk-llc.com
Attorneys for Movant

Ref# 11-008463-090811-ANV

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that a true and accurate copy of the foregoing Motion of The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee for Abandonment of Real Property Located at 2233 Ohio Avenue, Youngstown, OH 44504 on First Mortgage was served on the Debtor, counsel for the Debtor, the trustee, and other parties in interest at the addresses set forth below via e-mail notification on September 8, 2011.

Office of U.S. Trustee
Northern District of Ohio
Howard Metzenbaum U.S. Courthouse
Party of Interest
201 Superior Avenue
Cleveland, OH  44114

Timothy F. George
Attorney for Cedric N Mims
and Christine N Mims
1029 Youngstown-Warren Rd.
Niles, OH  44446
timgeorge@timgeorgelaw.com

Andrew W. Suhar
29 East Front Street, 2nd Fl
P.O. Box 1497
Youngstown, OH  44501
trustee@suharlaw.com

The below listed parties were served via regular U.S. Mail, postage prepaid on September 8, 2011:

Christine N Mims
595 West Como Street
Apt 1
Struthers, OH  44471

Cedric N Mims
Christine N Mims
2233 Ohio Avenue
Youngstown, OH  44504

Mahoning County Treasurer
120 Market Street
Youngstown, OH  44503

/s/  Mary E. Krasovic
Mary E. Krasovic

Ref# 11-008463-090811-ANV